COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS (168593)
TRAVIS E. DOWNS III (148274)
KATHLEEN A. HERKENHOFF (168562)
JEFFREY D. LIGHT (159515)
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@csgrr.com
travisd@csgrr.com
kathyh@csgrr.com
jeffl@csgrr.com

Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| In re FIRST AMERICAN CORPORATION SHAREHOLDER DERIVATIVE LITIGATION | ) ) ) ) ) ) ) ) ) ) |
| This Document Relates To: | |
|     ALL ACTIONS. | |

Master File No.
  SACV-06-1230-JVS(RNBx)

STIPULATION AND AGREEMENT
OF SETTLEMENT

Derivative Plaintiffs Mark Young and Chris Larson, Nominal Party The First American Corporation, and the Individual Defendants, by and through their undersigned attorneys, hereby enter into the following Stipulation and Agreement of Settlement (the "Settlement" or "Stipulation") dated June 8, 2008, and subject to the approval of the Court.

**I.     RECITALS**

WHEREAS, this Action was commenced when the following derivative shareholder actions were filed in the United States District Court for the Central District of California (the "Court"):

1.     *Young v. Kennedy, et al.*, SACV-06-1230-JVS (RNBx) (filed December 19, 2006); and

2.     *Larson v. Kennedy, et al.*, SACV-07-0134-JVS (ANx) (filed February 2, 2007).

WHEREAS, by Order dated February 22, 2007, the Court consolidated both actions under the caption *In re First American Corporation Shareholder Derivative Litigation*, Master File No. SACV-06-1230-JVS (RNBx) (the "Action");

WHEREAS, on February 22, 2007, the Court also appointed Mark Young as Lead Plaintiff, and appointed Coughlin Stoia Geller Rudman & Robbins LLP as Lead Counsel;

WHEREAS, on or about March 29, 2007, Lead Plaintiff filed a Verified Consolidated Shareholders Derivative Complaint (the "Complaint"), which alleged that the Individual Defendants violated §14(a) of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. §78n(a)) and also were liable for breaches of fiduciary duty, unjust enrichment and other state law violations in connection with Defendants' backdating of stock options from 1996 through at least 2006;

WHEREAS, on or about May 14, 2007, Nominal Party The First American Corporation ("First American" or the "Company") and the Individual Defendants filed motions to dismiss the Complaint;

WHEREAS, on September 10, 2007, following the close of briefing on Defendants' dismissal motions, the Court heard oral argument on the motions;

WHEREAS, on September 20, 2007, the Court issued an order dismissing the action on demand futility grounds and allowing Plaintiffs leave to replead;

WHEREAS, on November 20, 2007, Lead Plaintiff filed a Verified First Amended Consolidated Shareholders Derivative Complaint ("First Amended Complaint") alleging that the Individual Defendants violated §14(a) of the Exchange Act (15 U.S.C. §78n(a)) and also were liable for breaches of fiduciary duty, unjust enrichment and other state law violations;

WHEREAS, the parties had an open dialogue concerning settlement at the time the First Amended Complaint was filed, and continued discussions after the filing of the First Amended Complaint;

WHEREAS, at the time this Settlement was reached, Defendants had filed motions to dismiss the First Amended Complaint, which motions remain pending;

WHEREAS, Lead Plaintiff, through Coughlin Stoia Geller Rudman & Robbins LLP, conducted extensive research, and investigation during the prosecution of the Action, including, without limitation: (i) inspection and analysis of First American's public filings and public statements; and (ii) extensive analysis of the Individual Defendants' alleged mispricings of stock options;

WHEREAS, counsel for Lead Plaintiff and counsel for First American have engaged in substantial arm's-length negotiations in an effort to resolve the Action, including conducting numerous telephone conferences and multiple in-person meetings between various representatives of First American and counsel for Lead Plaintiff during which the terms of this Settlement were extensively debated and negotiated;

WHEREAS, the Individual Defendants vigorously deny that they committed any violations of the federal securities laws or of state laws, deny that any of their conduct related to the granting, exercising, or disclosure of stock options was

1   wrongful in any way, deny all charges and allegations asserted against them, and
2   disclaim any wrongdoing or liability whatsoever;

3        WHEREAS, First American and the Individual Defendants have agreed to the
4   compromise and settlement of the Action subject to the terms and conditions set forth
5   herein to avoid the substantial burden, expense, management distraction and
6   uncertainties that would be involved in protracted litigation, and to terminate the
7   Released Claims against the Individual Defendants;

8        WHEREAS, derivative Plaintiffs have agreed to settle their claims on behalf of
9   Nominal Party First American upon the terms and provisions set forth hereinafter after
10  extensive investigation and thorough research of the law applicable to the claims
11  underlying the Action; after balancing the substantial benefits that Nominal Party First
12  American will receive from the Settlement against the uncertain outcome, risks,
13  difficulties, and delays of litigation, in general, and in complex actions such as this
14  Action, in particular; and after concluding that the Settlement is in the best interests of
15  the Nominal Party First American; and

16       WHEREAS, Lead Plaintiff and Lead Counsel believe that the terms and
17  conditions of this Stipulation are fair, reasonable, and adequate; First American and
18  the Individual Defendants and their respective counsel also believe that the terms and
19  conditions of the Settlement are adequate and fair to Nominal Party First American
20  and its shareholders; and the Settling Parties acknowledge that this Stipulation is a
21  result of arm's-length negotiations between the Settling Parties.

22       NOW, THEREFORE, in consideration of the promises and agreements,
23  covenants, representations, and warranties set forth herein, intending to be legally
24  bound;

25       IT IS HEREBY STIPULATED AND AGREED, by and among the Settling
26  Parties, that this Action and all Released Claims are settled and compromised and that
27  the Action shall be dismissed with prejudice and without costs, except as otherwise
28

provided for herein, subject to approval of the Court pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, on the following terms and conditions:

## 1.    Additional Definitions

The following additional definitions shall apply in this Stipulation:

1.1    "Action" means *In re First American Corporation Shareholder Derivative Litigation*, Master File No. SACV-06-1230-JVS (RNBx).

1.2    "Defendants" means Nominal Party First American and the Individual Defendants.

1.3    "Effective Date" means the first date by which all of the events and conditions specified in Section 6 of the Stipulation have been met and have occurred.

1.4    "Final" means: (i) the date of final affirmance on appeal of the Final Judgment, the expiration of the time for a petition for or a denial of a writ of certiorari to review the Final Judgment and, if certiorari is granted, the date of final affirmance of the Final Judgment following review pursuant to that grant; (ii) the date of final dismissal of any appeal from the Final Judgment or the final dismissal of any proceeding on certiorari to review the Final Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the Court's Final Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto.

1.5    "Final Judgment" means that judgment to be entered by the Court, substantially in the form of Exhibit B hereto, approving the Settlement, dismissing the Action with prejudice and without costs to any party, releasing all Released Claims, and enjoining the parties from instituting, continuing, or prosecuting any action asserting one or more Released Claims.

1.6    "First American" or the "Company" means Nominal Party The First American Corporation, and its predecessors, successors, subsidiaries, affiliates, divisions and assigns.

1    1.7    "Individual Defendants" means defendants Donald P. Kennedy, Parker S.
2  Kennedy, Craig I. DeRoy, Dennis J. Gilmore, Gary L. Kermott, Curt A. Caspersen,
3  Mark R. Arnesen, Anand K. Nallathambi, Max O. Valdes, Barry M. Sando, Kenneth
4  D. DeGiorgio, John M. Hollenbeck, George L. Argyros, Gary J. Beban, J. David
5  Chatham, William G. Davis, James L. Doti, Lewis W. Douglas, Jr., Frank E. O'Bryan,
6  Roslyn B. Payne, D. Van Skilling, Herbert B. Tasker, Virginia M. Ueberroth, and
7  Mary Lee Widener.

8    1.8    "Lead Plaintiff" means Mark Young.

9    1.9    "Lead Counsel" means Coughlin Stoia Geller Rudman & Robbins LLP.

10    1.10   "Order" means that order to be entered by the Court, substantially in the
11  form of Exhibit A hereto, preliminarily approving the Settlement and providing for
12  notice to First American's stockholders of the same.

13    1.11   "Person" means a natural person, individual, corporation, partnership,
14  limited  partnership,  limited  liability  partnership,  limited  liability  company,
15  association, joint venture, joint stock company, estate, legal representative, trust,
16  unincorporated association, government or any political subdivision or agency thereof,
17  any business or legal entity, and any spouse, heir, legatee, executor, administrator,
18  predecessor, successor, representative or assign of any of the foregoing.

19    1.12   "Plaintiffs" means derivative plaintiffs Mark Young and Chris Larson.

20    1.13   "Plaintiffs' Counsel" means Lead Counsel and The Shuman Law Firm.

21    1.14   "Released Claims" shall collectively mean all claims, demands, rights,
22  liabilities, and causes of action of every nature and description whatsoever, known or
23  unknown, whether or not concealed or hidden, asserted or that might have been
24  asserted by any derivative plaintiff, on behalf of First American, or by First American,
25  against each and every Individual Defendant in the Action, including, claims for
26  violations of Section 14(a) of the Exchange Act, breach of fiduciary duty, negligence,
27  indemnification, or corporate waste, that were alleged in the Action or that arise from
28  or relate to the matters or occurrences alleged in the Action, or that could have been

1   alleged in the Action with regard to First American's historical stock option grants
2   and granting practices.

3       1.15   "Released Parties" means each and every one of the following: the
4   Individual Defendants and each of the Defendants' respective present and former
5   parents, principals, subsidiaries, affiliates, general or limited partners or partnerships,
6   directors, officers, employees, agents, insurers, co-insurers, re-insurers, attorneys,
7   accountants, auditors, advisors, investment bankers and underwriters, consultants,
8   predecessors, successors, heirs, assigns, administrators, executors, trustees, personal
9   representatives and immediate families.

10       1.16   "Settlement Hearing" means the hearing to be held by the Court to
11   consider final approval of the Settlement pursuant to Rule 23.1 of the Federal Rules of
12   Civil Procedure.

13       1.17   "Settling Parties" means Plaintiffs, First American and the Individual
14   Defendants.

15       1.18   "Unknown Claims" means any Released Claims which Plaintiffs, First
16   American, or First American shareholders do not know or suspect to exist in their
17   favor at the time of the release of the Released Parties which, if known, might have
18   affected their Settlement with and release of the Released Parties, or might have
19   affected their decision not to object to this Settlement.  With respect to any and all
20   Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date,
21   Plaintiffs, First American and the Individual Defendants shall be deemed to have, and
22   by operation of the Final Judgment shall have, expressly waived the provisions, rights
23   and benefits of California Civil Code §1542, which provides:

24           A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
      WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO
25   EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING
      THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST
26   HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT
      WITH THE DEBTOR.
27

28

Upon the Effective Date, Plaintiffs, First American and the Individual Defendants shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. The Plaintiffs, First American and the Individual Defendants may hereafter discover facts in addition to or different from those which they know or believe to be true with respect to the subject matter of the Released Claims, but upon the Effective Date, Plaintiffs, First American and the Individual Defendants shall expressly be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Plaintiffs, First American and the Individual Defendants acknowledge, and shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

**2.      Settlement Consideration-Corporate Governance Reforms**

2.1      After extensive settlement negotiations, First American and Lead Plaintiff have reached agreement regarding various corporate governance issues, including certain internal controls and procedures that relate to various allegations raised in the Action. First American and the Individual Defendants also acknowledge that the Action was a significant factor in the adoption and/or implementation of the Corporate Governance Reforms set forth below, and that such measures confer a substantial benefit to First American. The Board of Directors of First American have

1   agreed to adopt and/or to maintain the corporate governance measures described
2   below no later than 60 days of the execution of this Stipulation and to maintain them
3   for no less than five years, subject to the provisions of Sections 2.3 and 2.4 below.
4   The terms of this Settlement are the result of arm's-length negotiation between
5   Plaintiffs and First American by their respective counsel.  Defendants and First
6   American acknowledge that Lead Plaintiff's allegations and demands were significant
7   factors in the Board's decision to adopt the new provisions below and that such
8   measures are a direct result of the filing and prosecution of the Action. Accordingly,
9   Defendants and First American agree that:

10  **Separate Roles for Chairman of the Board and CEO**

11          (a)    After the completion of the previously announced spin-off and
12  separation of the financial services and information solutions group, the positions of
13  Chairman of the Board and Chief Executive Officer for both entities resulting from
14  the spin-off and separation of the financial services and information solutions group
15  shall be held by separate individuals;

16  **Duties of the Chairman of the Board**

17          (b)    The Chairman of the Board will consider input from all directors
18  as to the preparation of the agendas for the Board and Committee meetings;

19          (c)    The Chairman of the Board shall consult at least once a quarter
20  with the Company's officers who are responsible for assuring compliance with and
21  implementation of all applicable corporate and securities laws and make any
22  recommendations for further action as necessary to ensure compliance;

23  **Lead Director**

24          (d)    The independent directors of the Board shall elect a Lead Director.
25  The Lead Director of the Board shall be elected annually by a majority vote of the
26  independent directors. The Lead Director shall chair and coordinate the agenda for,
27  and moderate executive sessions of, the Board's independent directors, and act as the

28

1  principal liaison between the independent directors as a group and the Chairman of the
2  Board;

3        (e)    In addition to the duties of all Board members (which shall not be
4  limited or diminished by the Lead Director's role), the specific responsibilities of the
5  Lead Director are to provide advice to the Chairman of the Board with respect to the
6  following:

7        (i)    establishing an appropriate schedule for all Board meetings;
8        (ii)    preparing agendas for the Board and Committee meetings;
9        (iii)    the retention of consultants who report directly to the Board;
10        (iv)    ensuring that the Corporate Governance and Nominating
11  Committee oversees compliance with and implementation of the Company's corporate
12  governance policies;

13        (v)    ensuring that the Chairman of the Corporate Governance and
14  Nominating Committee oversees the process to recommend revisions to First
15  American's corporate governance policies; and

16        (vi)    ensuring that the Compensation Committee oversees
17  compliance with and implementation of the Company's policies and procedures for
18  evaluating and undertaking executive and incentive-based compensation, including
19  stock options;

20  **Enhanced Sarbanes-Oxley Act Compliance Procedure**

21        (f)    The Chief Executive Officer and Chief Financial Officer shall
22  utilize sub-certifications in connection with certifications under the Sarbanes-Oxley
23  Act;

24  **Equity Compensation Grants and Related Compensation Policies**

25        (g)    As a result of the prosecution of the Action and this Settlement, the
26  Board has agreed to utilize the following charters, procedures, polices and evaluations
27  as a part of the Company's efforts to strengthen its corporate governance and
28  compensation and stock option granting practices:

1             (i)      The Company's Charters shall be amended or otherwise

2  modified, as necessary, to require the continued shareholder approval of all stock

3  option plans;

4             (ii)     The Company shall maintain, review and regularly update, if

5  necessary, its Policy Governing the Granting of Awards Under and the Administration

6  of the 2006 Incentive Compensation Plan of the First American Corporation, as most

7  recently amended on May 28, 2008.

8             (iii)    The Company agrees that the Compensation Committee

9  shall pre-approve all equity compensation grants and shall use pre-set stock option

10  grant dates.  In extraordinary circumstances, subject to Compensation Committee

11  approval, equity compensation grants may be made on dates other than pre-set stock

12  option grant dates;

13            (iv)    At least once every two years, the Compensation Committee

14  of the Board shall consult with its independent auditors to conduct, with the help of an

15  independent expert as warranted, review and assessment of the Company's Policy

16  Governing the Granting of Awards Under the Administration of the 2006 Incentive

17  Compensation Plan, as amended on May 28, 2008;

18            (v)     At least once every two years, the Audit Committee of the

19  Board shall consult with its independent auditors to conduct, if necessary, and with the

20  help of an independent auditing or consulting firm as warranted, a comprehensive

21  review and assessment of the Company's internal controls and internal audit function

22  and prepare and submit to the Audit Committee a report and any recommendations

23  related thereto; and

24            (vi)    At least once every two years, the Company shall review,

25  revise and update, if necessary, its Charters for all committees of the Board, including

26  the Audit Committee Charter, the Corporate Governance and Nominating Committee

27  Charter and the Compensation Committee Charter;

28

**New Directors and Stock Option Administration Personnel**

(h)     In 2007, Lead Plaintiff demanded the addition of one or more shareholder suggested new independent directors to the Board.   Thereafter, a significant First American shareholder also called for First American to add certain new independent directors to the Board.  During 2007 and 2008, Lead Plaintiff had his counsel convene a series of meetings with the Company's outside counsel and Company executives to further attempt to secure the addition of shareholder suggested new independent directors to the Board.  In 2008, First American agreed to add five new independent directors to its Board, the addition of which should enhance the Company's governance and independence;

(i)     The Company retained a professional stock option/RSU administrator;

**New Control Procedures Implemented**

(j)     The Company reviewed and improved upon its controls and procedures regarding stock option granting practices and policies; and

(k)     The Company conducted a comprehensive review of all periodic public filings, and formalized a process for preparing annual proxy and financial disclosures, including formalizing a Disclosure Committee responsible to evaluate processes for SEC filing review.

2.2     Lead Plaintiff's counsel also reviewed and considered the additional measures implemented to address the issues underlying the allegations in the Complaint and raised in the Action.  These measures, include, but are not limited to:

(a)     Establishing a Special Committee of independent directors to fully investigate and report to the Audit Committee, with the assistance of outside independent counsel and forensic accountants, in relation to all such matters;

(b)     Properly accounting for the reported mispriced options by restating its prior financial statements as applicable in its 2006 10-K;

1          (c)     Requiring the repayment of any unearned benefits due to mispriced

2  options from all of the named executive officers (other than Mr. Valdes) who were

3  executive officers at the time of the mispriced grant as well as all members of the

4  Board who received any benefit from mispriced options that had previously been

5  exercised; and

6          (d)     Pursuant to the recommendation of the Special Committee, the

7  Board also created an ad-hoc special committee on governance recommendations

8  which is comprised solely of independent directors to address recommendations that

9  the Company take certain measures to improve its option granting practices, including

10  related administrative processes and internal accounting controls, to bolster its

11  corporate accounting, legal and compliance functions and to enhance its corporate

12  governance.

13      2.3    The Board will maintain the provisions set forth in Sections 2.1 and 2.2

14  above for no less than five (5) years unless the Board determines, in the exercise of its

15  fiduciary duties, that such provisions are no longer in the best interests of First

16  American and its shareholders.  In the event such a determination is made, such

17  proposed changes shall be submitted in writing to Lead Plaintiff's counsel for review

18  and consideration.  If Lead Plaintiff does not object to the proposed changes within

19  ten (10) days of receiving them, such proposed changes shall become effective

20  immediately.  If Lead Plaintiff requests modifications to such changes, and First

21  American and Lead Plaintiff are able to reach an agreement regarding such proposed

22  changes, then such changes shall become effective immediately upon a signed

23  agreement by the parties to this effect.  In the event Lead Plaintiff and First American

24  are unable to agree upon such changes, the parties hereby agree to the following

25  dispute resolution provisions which shall apply to any such disputes:

26          (a)     The parties will submit any such dispute to a single arbitrator who

27  shall have power and authorization to render a binding decision on such matters.  Such

28  dispute shall be determined as rapidly as possible, with the arbitrator being advised

1  that the process and decision shall take no longer than thirty (30) days from the date
2  the arbitrator is retained.  The decision shall not be appealable and shall be subject to
3  the then existing rules of the Judicial Arbitration and Mediation Services as may be
4  modified by agreement of the parties.  The arbitrator shall be a retired jurist resident in
5  the County of Orange; provided, however, that the parties agree in advance that the
6  following retired jurists are acceptable arbitrators:  The Honorable Layn R. Phillips
7  (Ret.); The Honorable John C. Trotter (Ret.); The Honorable William H. McDonald
8  (Ret.); and/or The Honorable Judith M. Ryan (Ret.).

9        (b)   In the event any of the above pre-agreed upon arbitrators are
10  unable or unwilling to serve, any such retired jurist selected by First American
11  satisfying the above criteria shall be deemed acceptable to the parties.

12        2.4   Notwithstanding the foregoing, nothing herein shall preclude the Board
13  from making a change to the corporate governance provisions referred to in this
14  Stipulation without following the process detailed in Section 2.3 above if the Board
15  determines, in the good faith exercise of its fiduciary duties and after receiving advice
16  of outside counsel, that an exigency exists whereby maintaining any of the foregoing
17  corporate governance provisions is having or will immediately have a material
18  negative impact on the Company that requires urgent attention; provided, however,
19  that any such change or modification must be approved by a majority of the outside
20  independent members of the Board.  In the event such a change is enacted, Lead
21  Plaintiff shall be immediately notified in writing of the same and, if deemed
22  unacceptable, may elect to challenge and nullify any such change via the provisions
23  set forth in Section 2.3 above.  Similarly, nothing shall preclude the Board from taking
24  any action to supplement, enhance, or otherwise strengthen any of the corporate
25  governance measures set forth herein or from otherwise taking action on any matters
26  unrelated to the specific corporate governance provisions set forth herein.

27
28

1      **3.**     **Settlement Procedure**

2      3.1     Promptly after execution of the Stipulation, the Settling Parties shall

3  submit the Stipulation and its Exhibits to the Federal Court and apply for an Order

4  substantially in the form of Exhibit A hereto, requesting preliminary approval of the

5  Settlement set forth in the Stipulation.

6      3.2     Plaintiffs will also move the Court to approve notice to First American's

7  stockholders of this Settlement via a one-time notice by publication in *Investor's*

8  *Business Daily*, substantially in the form of Exhibit A-1 hereto. Defendants shall bear

9  the cost of providing notice as ordered by the Court.

10     3.3     Plaintiffs will request that after notice is given, the Federal Court hold a

11 hearing (the "Settlement Hearing") and approve the Settlement of the Action as set

12 forth herein.

13     **4.**     **Releases**

14     4.1     Upon the Effective Date, as defined in Section 1.3 above, the Individual

15 Defendants, First American, and the Plaintiffs (acting on their own behalf and

16 derivatively on behalf of First American) shall be deemed to have, and by operation of

17 the Final Judgment shall have, fully, finally, and forever released, relinquished and

18 discharged the Released Claims against the Released Parties and any and all claims

19 (including Unknown Claims) arising out of, relating to, or in connection with, the

20 defense, settlement or resolution of the Action against the Released Parties. Nothing

21 herein shall in any way impair or restrict the rights of any Settling Party to enforce the

22 terms of the Stipulation.

23     4.2     Upon the Effective Date, as defined in Section 1.3 above, each of the

24 Released Parties shall be deemed to have, and by operation of the Final Judgment

25 shall have, fully, finally, and forever released, relinquished and discharged each and

26 all of the Plaintiffs and all Plaintiffs' Counsel from all claims (including Unknown

27 Claims) arising out of, relating to, or in connection with, the institution, prosecution,

28 assertion, settlement or resolution of the Action or the Released Claims. Nothing

herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

## 5.   Plaintiffs' Counsel's Attorney Fees and Expenses

5.1     The Settling Parties negotiated an agreement as to the attorney fees that First American and/or First American's Directors' and Officers' insurers would pay to Lead Counsel for Plaintiffs in the Action.   The Settling Parties have agreed that $2,050,000 will be paid to Lead Counsel for Plaintiffs in the Action for their fees and expenses, subject to Court approval.   Within five (5) business days of the entering of the Final Judgment by the Court finally approving the Settlement, First American and its Directors' and Officers' insurers will take all necessary steps to make such payment to Coughlin Stoia Geller Rudman & Robbins LLP, as receiving agent for all Plaintiffs' Counsel, subject to Plaintiffs' Counsel's severally obligation to make appropriate refunds or repayments of the principal amount and any accrued interest if and when, as a result of any further order of the Court, appeal, further proceedings or remand, or successful collateral attack the Settlement is not approved.   Coughlin Stoia Geller Rudman & Robbins LLP shall be responsible for the allocation of such fees and expenses to Plaintiffs' Counsel, based upon each counsel's contribution to the initiation, prosecution and/or resolution of the Action.

5.2     Any order or proceeding relating solely to an award of attorney fees and expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall have no effect on the Settlement and shall not operate to terminate or cancel this Stipulation or to affect or delay the finality of the Order and Final Judgment approving this Stipulation.

## 6.   Conditions of Settlement, Effect of Disapproval, Cancellation or Termination

6.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)   the approval of the terms of the Settlement by the First American Board;

(b)   the Court has entered the Final Judgment, substantially in the form of the Exhibit B hereto;

(c)   First American and/or its Directors' and Officers' insurer has paid the attorney fees and expenses as approved by the Court; and

(d)   the Judgment has become Final.

6.2   If any of the conditions specified in Section 6.1 above are not met, then the Stipulation shall be canceled and terminated subject to Section 6 unless Lead Counsel and counsel for the Settling Parties mutually agree in writing to proceed with the Stipulation.

6.3   If for any reason the Effective Date of the Stipulation does not occur, or if the Stipulation is in any way canceled or terminated or if any rulings in the Action related to the Stipulation are successfully attacked collaterally, the payments to Plaintiffs' Counsel pursuant to Section 5 shall be returned to First American and/or First American's Directors' and Officers' insurers within seven calendar days of said event.

**7.   Miscellaneous Provisions**

7.1   The Settling Parties: (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

7.2   The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action. The Settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim, allegation or defense.   While Defendants deny that the claims advanced in the Action are meritorious, these Defendants agree that the litigation was filed in good faith and in accordance with the

1   applicable federal rules, including, without limitation, Federal Rule of Civil Procedure

2   11.  The Settling Parties further agree that the claims are being settled voluntarily after

3   consultation with competent legal counsel.  The Settling Parties will jointly request

4   that the Final Judgment contain a finding that during the course of the litigation, the

5   parties and their respective counsel at all times complied with the requirements of

6   Federal Rule of Civil Procedure 11 and all other similar laws.

7          7.3     Neither the Stipulation nor the Settlement, nor any act performed or

8   document executed pursuant to or in furtherance of the Stipulation or the Settlement:

9   (a) is or may be deemed to be or may be offered, attempted to be offered or used in

10  any way by the Settling Parties as a presumption, a concession or an admission of, or

11  evidence of, any fault, wrongdoing or liability of the Defendants or of the validity of

12  any Released Claims; or (b) is intended by the Settling Parties to be offered or

13  received as evidence or used by any other Person in any other actions or proceedings,

14  whether civil, criminal or administrative.   The Released Parties may file the

15  Stipulation and/or the Final Judgment in any action that may be brought against them

16  in order to support a defense or counterclaim based on principles of *res judicata*,

17  collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or

18  reduction or any other theory of claim preclusion or issue preclusion or similar

19  defense or counterclaim.

20         7.4     The Exhibits to this Stipulation are material and integral parts hereof and

21  are fully incorporated herein by this reference.

22         7.5     The Stipulation may be amended or modified only by a written

23  instrument signed by or on behalf of all Settling Parties or their respective successors-

24  in-interest.

25         7.6     This Stipulation and the Exhibits attached hereto constitute the entire

26  agreement among the Settling Parties and no representations, warranties or

27  inducements have been made to any Settling Party concerning the Stipulation or any

28  of its Exhibits other than the representations, warranties and covenants contained and

- 17 -

memorialized in such documents. Except as otherwise provided herein, each Settling Party shall bear its own costs.

7.7     Lead Counsel, derivatively on behalf of First American, is expressly authorized by the Plaintiffs to take all appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms and also are expressly authorized by the Plaintiffs to enter into any modifications or amendments to the Stipulation which they deem appropriate.

7.8     Each counsel or other Person executing the Stipulation or its Exhibits on behalf of any Settling Party hereby warrants that such Person has the full authority to do so.

7.9     The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of counterparts, either originally executed or copies thereof, shall be filed with the Court.

7.10    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties and the Released Parties.

7.11    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and the Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

7.12    This Stipulation and the Exhibits attached hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the Settling Parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice-of-law principles.

1    IN WITNESS WHEREOF, the Settling Parties have caused the Stipulation to

2  be executed by their duly authorized attorneys and dated June __, 2008.

3

4  DATED: June 8, 2008                    COUGHLIN STOIA GELLER
                                            RUDMAN & ROBBINS LLP
5                                          DARREN J. ROBBINS
                                           TRAVIS E. DOWNS III
6                                          KATHLEEN A. HERKENHOFF
                                           JEFFREY D. LIGHT
7

8

9                                          DARREN J. ROBBINS

10                                         655 West Broadway, Suite 1900
                                           San Diego, CA 92101-3301
11                                         Telephone: 619/231-1058
                                           619/231-7423 (fax)
12

13                                         COUGHLIN STOIA GELLER
                                            RUDMAN & ROBBINS LLP
14                                         SHAWN A. WILLIAMS
                                           JOHN K. GRANT
15                                         AELISH M. BAIG
                                           100 Pine Street, Suite 2600
16                                         San Francisco, CA 94111
                                           Telephone: 415/288-4545
17                                         415/288-4534 (fax)

18                                         Lead Counsel for Plaintiffs

19

20                                         THE SHUMAN LAW FIRM
                                           KIP B. SHUMAN
21                                         801 East 17th Avenue
                                           Denver, CO 80218-1417
22                                         Telephone: 303/861-3003
                                           303/830-6920 (fax)
23

24                                         Additional Counsel for Plaintiffs

25

26

27

28

- 19 -

DATED: August 8 , 2008

GIBSON, DUNN & CRUTCHER LLP
MERYL L. YOUNG
ROBERT E. PALMER
KELLY A. ROOSEVELT
ERICH D. SCHIEFELBINE

_____
ROBERT E. PALMER

3161 Michelson Drive
Irvine, CA 92612
Telephone: 949/451-3800
949/451-4220 (fax)

Counsel for Nominal Party The First
American Corporation

DATED: June __, 2008

LATHAM & WATKINS LLP
PAMELA S. PALMER

_____
PAMELA S. PALMER

650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Telephone: 714/755-8227
714/755-8290 (fax)

LATHAM & WATKINS LLP
MICHAEL J. WEAVER
600 West Broadway, Suite 1800
San Diego, CA 92101-3375
Telephone: 619/236-1234
619/696-7419 (fax)

Attorneys for Individual Defendants

S:\Settlement\First American Deriv.set\(v1) STIP 100467071_1.DOC

- 20 -

1   DATED:  June ___, 2008

2   GIBSON, DUNN & CRUTCHER LLP
    MERYL L. YOUNG
3   ROBERT E. PALMER
    KELLY A. ROOSEVELT
    ERICH D. SCHIEFELBINE

4

5

6   _____
    ROBERT E. PALMER

7   3161 Michelson Drive
    Irvine, CA  92612
8   Telephone:  949/451-3800
    949/451-4220 (fax)

9
    Counsel for Nominal Party The First
10  American Corporation

11

12  DATED:  June ___, 2008

    LATHAM & WATKINS LLP
13  PAMELA S. PALMER

14  _____

15  PAMELA S. PALMER

16  650 Town Center Drive, 20th Floor
    Costa Mesa, CA  92626-1925
17  Telephone:  714/755-8227
    714/755-8290 (fax)

18  LATHAM & WATKINS LLP
19  MICHAEL J. WEAVER
    600 West Broadway, Suite 1800
20  San Diego, CA  92101-3375
    Telephone:  619/236-1234
21  619/696-7419 (fax)

22  Attorneys for Individual Defendants

23

24  100467071_1.DOC

25

26

27

28

- 20 -

<u>DECLARATION OF SERVICE BY MAIL</u>

I, the undersigned, declare:

1.     That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 655 West Broadway, Suite 1900, San Diego, California 92101.

2.     That on August 8, 2008, declarant served the **STIPULATION AND AGREEMENT OF SETTLEMENT** by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3.     That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 8th day of August, 2008, at San Diego, California.

ADRIANA DEL CARMEN

**21**

# Mailing Information for a Case 8:06-cv-01230-JVS-RNB

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey A Berens**
  jeff@dyerberens.com

- **Travis E Downs , III**
  travisd@csgrr.com

- **Stephen T Fraley**
  steve.fraley@lw.com

- **Benny C Goodman , III**
  bgoodman@csgrr.com

- **Kathleen Ann Herkenhoff**
  kathyh@csgrr.com,lisamp@csgrr.com,e_file_sd@csgrr.com

- **Pamela S Palmer**
  pamela.palmer@lw.com

- **Robert E Palmer**
  RPalmer@gibsondunn.com,ecastillo@gibsondunn.com

- **Darren J Robbins**
  e_file_sd@csgrr.com

- **Kelly A Roosevelt**
  karoosevelt@gibsondunn.com,mpeck@gibsondunn.com

- **Erich D Schiefelbine**
  eschiefelbine@gibsondunn.com,tstephens@gibsondunn.com

- **Kip B Shuman**
  kip@shumanberens.com

- **Michael J Weaver**
  mike.weaver@lw.com

- **Meryl L Young**
  myoung@gibsondunn.com,pmclean@gibsondunn.com

22

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**William S Lerach**
Coughlin Stoia Geller Rudman and Robbins
655 West Broadway, Suite 1900
San Diego, CA 92101

23

**Manual Service List**

Brian J. Robbins
Jeffrey P. Fink
Caroline A. Schnurer
Robbins Umeda & Fink, LLP
610 West Ash Street, Suite 1800
San Diego, CA  92101
  619/525-3990
  619/525-3991 (Fax)

**EXHIBIT A**

1  COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
2  DARREN J. ROBBINS (168593)
   TRAVIS E. DOWNS III (148274)
3  KATHLEEN A. HERKENHOFF (168562)
   JEFFREY D. LIGHT (159515)
4  655 West Broadway, Suite 1900
   San Diego, CA 92101-3301
5  Telephone: 619/231-1058
   619/231-7423 (fax)
6  darrenr@csgrr.com
   travisd@csgrr.com
7  kathyh@csgrr.com
   jeffl@csgrr.com
8
   Lead Counsel for Plaintiffs
9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12                   SOUTHERN DIVISION

13
   In re FIRST AMERICAN        )  Master File No.
14 CORPORATION SHAREHOLDER     )     SACV-06-1230-JVS(RNBx)
   DERIVATIVE LITIGATION       )
15 _____)  ORDER PRELIMINARILY
                               )  APPROVING DERIVATIVE
16 This Document Relates To:    )  SETTLEMENT AND PROVIDING
                               )  FOR NOTICE
17     ALL ACTIONS.             )
                               )  EXHIBIT A
18 _____)

19

20

21

22

23

24

25

26

27

28

2 5

WHEREAS, the Settling Parties have made application, pursuant to Federal Rule of Civil Procedure 23.1, for an order approving the settlement (the "Settlement") of this Action, in accordance with the Stipulation and Agreement of Settlement dated as of June 8, 2008 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement;

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS, and the Court having read and considered the Stipulation and the Exhibits annexed thereto.

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for settlement of the Action.

2.     A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2008, at _____ _.m., at the United States Courthouse, 411 West Fourth Street, Courtroom 10C, Santa Ana, California to determine: (i) whether the Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to First American shareholders and to First American and should be approved by the Court; and (ii) whether the Final Judgment as provided in ¶1.5 of the Stipulation should be entered herein.  The Court may adjourn the Settlement Hearing or modify any of the dates set forth herein without further notice to First American shareholders.

3.     The Court approves, as to form and content, the Summary Notice of Proposed Settlement of Derivative Action (the "Summary Notice") annexed as Exhibit A-1 hereto, and finds that the publication of the Summary Notice, substantially in the manner and form set forth in this Order, meet the requirements of Federal Rule of

2 6

1   Civil Procedure 23.1 and due process, and is the best notice practicable under the

2   circumstances and shall constitute due and sufficient notice to all Persons entitled

3   thereto.

4       4.      Not later than _____, 2008, Defendants shall cause the Summary

5   Notice to be published once in *Investor's Business Daily*.  Defendants shall bear the

6   cost of providing notice as ordered by the Court.

7       5.      At least ten (10) days prior to the Settlement Hearing, Defendants'

8   counsel shall serve on Plaintiffs' Counsel in the Action and file with the Court proof,

9   by affidavit or declaration, of such mailing and publishing.

10      6.      All First American shareholders of record as of June 8, 2008 ("Current

11  First American Shareholders") shall be bound by all orders, determinations and

12  judgments in the Action concerning the Settlement, whether favorable or unfavorable

13  to the Current First American Shareholders.

14      7.      Pending final determination of whether the Settlement should be

15  approved, no Current First American Shareholder, either directly, representatively, or

16  in any other capacity, shall commence or prosecute against any of the Released

17  Parties, any action or proceeding in any court or tribunal asserting any of the Released

18  Claims.

19      8.      All papers in support of the Settlement shall be filed with the Court and

20  served on or before _____, 2008.

21      9.      Any Current First American Shareholder may appear and show cause, if

22  he, she or it has any, why the Settlement of the Action should not be approved as fair,

23  reasonable and adequate, or why a Judgment should not be entered thereon, provided,

24  however, that no Current First American Shareholder shall be heard or entitled to

25  contest the approval of the terms and conditions of the Settlement, or, if approved, the

26  Judgment to be entered thereon approving the same, unless that Person has, on or

27  before _____, 2008, filed with the Clerk of the Court and served on the

28

1    following counsel (delivered by hand or sent by first class mail) written objections and

2    copies of any papers and briefs in support thereof:

3            COUGHLIN STOIA GELLER
                RUDMAN & ROBBINS LLP
4            JEFFREY D. LIGHT
             655 West Broadway, Suite 1900
5            San Diego, CA  92101

6            Lead Counsel

7            GIBSON, DUNN & CRUTCHER LLP
             ROBERT E. PALMER
8            MERYL L. YOUNG
             3161 Michelson Drive
9            Irvine, CA  92612

10           Attorneys for Nominal Party First American

11           LATHAM & WATKINS LLP
             PAMELA S. PALMER
12           650 Town Center Drive, 20th Floor
             Costa Mesa, CA  92626-1925

13           Attorneys for Individual Defendants

14   The written objections and copies of any papers and briefs in support thereof to be

15   filed in Court shall be delivered by hand or sent by first class mail to:

16
17           CLERK OF THE COURT
             UNITED STATES DISTRICT COURT
             CENTRAL DISTRICT OF CALIFORNIA
18           SOUTHERN DIVISION
             United States Courthouse
19           411 West Fourth Street, Room 1053
             Santa Ana, CA  92701

20   Any Current First American Shareholder who does not make his, her or its objection

21   in the manner provided herein shall be deemed to have waived such objection and

22   shall forever be foreclosed from making any objection to the fairness, reasonableness

23   or adequacy of the Settlement as incorporated in the Stipulation unless otherwise

24   ordered by the Court, but shall otherwise be bound by the Judgment to be entered and

25   the releases to be given.

26           10.     The Court reserves the right to adjourn the date of the Settlement Hearing

27   or modify any other dates set forth herein without further notice to the Current First

28

28

1   American Shareholders, and retains jurisdiction to consider all further applications

2   arising out of or connected with the Settlement.   The Court may approve the

3   Settlement, with such modifications as may be agreed to by the Settling Parties, if

4   appropriate, without further notice to the Current First American Shareholders.

5        IT IS SO ORDERED.

6

7   DATED: _____        _____
                                      THE HONORABLE JAMES V. SELNA
                                      UNITED STATES DISTRICT JUDGE
8

9   S:\Settlement\First American Deriv.set\(v1) EA-00052111.doc

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A-1**

1 | COUGHLIN STOIA GELLER
   | RUDMAN & ROBBINS LLP
2 | DARREN J. ROBBINS (168593)
   | TRAVIS E. DOWNS III (148274)
3 | KATHLEEN A. HERKENHOFF (168562)
   | JEFFREY D. LIGHT (159515)
4 | 655 West Broadway, Suite 1900
   | San Diego, CA  92101-3301
5 | Telephone:  619/231-1058
   | 619/231-7423 (fax)
6 | darrenr@csgrr.com
   | travisd@csgrr.com
7 | kathyh@csgrr.com
   | jeffl@csgrr.com
8 |
   | Lead Counsel for Plaintiffs
9 |

10

UNITED STATES DISTRICT COURT

11

CENTRAL DISTRICT OF CALIFORNIA

12

SOUTHERN DIVISION

13

| In re FIRST AMERICAN CORPORATION SHAREHOLDER DERIVATIVE LITIGATION | ) ) ) | Master File No. SACV-06-1230-JVS(RNBx) |
|---|---|---|
| _____ | ) ) ) | SUMMARY NOTICE OF PROPOSED SETTLEMENT OF DERIVATIVE ACTION |
| This Document Relates To: | ) ) | |
| ALL ACTIONS. | ) ) | EXHIBIT A-1 |
| _____ | ) | |

**3 0**

**TO: ANY PERON WHO OWNED FIRST AMERICAN CORPORATION ("FIRST AMERICAN") COMMON STOCK AS OF JUNE 8, 2008 ("CURRENT FIRST AMERICAN SHAREHOLDER")**

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District Court for the Central District of California, Southern Division, a hearing will be held on _____, 2008, at _____ _.m., before the Honorable James V. Selna, United States District Judge, United States Courthouse, 411 West Fourth Street, Courtroom 10C, Santa Ana, California, for the purpose of determining whether the proposed settlement of the above-captioned derivative action should be approved as fair, reasonable and adequate and whether a judgment dismissing the Action should be entered. The terms of the proposed settlement of the Action (the "Settlement") are set forth in a Stipulation and Agreement of Settlement dated June 8, 2008 (the "Stipulation"). This summary should be read in conjunction with, and is qualified in its entirety by reference to, the text of the Stipulation, which has been filed with the Court and which can be obtained from Lead Counsel (see below).

In connection with the Settlement, First American has adopted a variety of corporate governance measures that relate to and address many of the underlying issues in the Action, including, but not limited to, the election of a Lead Director, equity compensation grants and related compensation policies, director independence, the creation of an ad-hoc special committee on governance recommendations and stock option granting procedures. In addition, the Settlement provides for the repayment of any benefit due to mispriced options from certain of the named defendants who were executive officers at the time of the mispriced grant as well as all members of the Board of Directors who received any benefit from mispriced options that had previously been exercised. The Settlement also provides for the payment of Plaintiffs' Counsel's fees and expenses in the amount of $2,050,000.

**IF YOU ARE A CURRENT FIRST AMERICAN SHAREHOLDER YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THE ACTION.** This notice is only a summary of the terms of the Settlement, the terms of the

1  Settlement are set forth in the Stipulation.  If you wish to obtain a copy of the

2  Stipulation or have questions about the Settlement or the Action, you may contact a

3  representative of Lead Counsel:

4          Rick Nelson
        Shareholder Relations

5          COUGHLIN STOIA GELLER
          RUDMAN & ROBBINS LLP

6          655 W. Broadway, Suite 1900
        San Diego, CA 92101

7          1-800-449-4900

8        However, no shareholder of First American shall be heard at the Settlement

9  Hearing unless by _____, 2008, such shareholder has filed with the Court and

10  delivered to Plaintiffs' Counsel, First American's counsel, and the counsel for the

11  Individual Defendants, a written notice of objection, their grounds for opposing the

12  Settlement, and proof of both their status as a shareholder and the dates of stock

13  ownership in First American.  Only shareholders who have filed and delivered valid

14  and timely written notices of objection will be entitled to be heard at the Settlement

15  Hearing unless the Court orders otherwise.

16        If you wish to object to the Settlement, you must file a written objection setting

17  forth the grounds for such an objection with the Court on or before _____, with

18  service on the following parties:

19          COUGHLIN STOIA GELLER
          RUDMAN & ROBBINS LLP

20          JEFFREY D. LIGHT
        655 West Broadway, Suite 1900

21          San Diego, CA  92101

22          Lead Counsel

23          GIBSON, DUNN & CRUTCHER LLP
        ROBERT E. PALMER

24          MERYL L. YOUNG
        3161 Michelson Drive

25          Irvine, CA  92612

26          Attorneys for Nominal Party First American

27

28

32

1               LATHAM & WATKINS LLP
                   PAMELA S. PALMER

2               650 Town Center Drive, 20th Floor
                   Costa Mesa, CA  92626-1925

3

4               Attorneys for Individual Defendants

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK OF THE**

5

6  **COURT REGARDING THIS NOTICE.**

7  DATED:  _____         BY ORDER OF THE COURT
                           UNITED STATES DISTRICT COURT

8                        CENTRAL DISTRICT OF CALIFORNIA
                        SOUTHERN DIVISION

9

10  S:\Settlement\First American Deriv.set\(v1) A1-00052112.doc

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT B**

1 | COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
2 | DARREN J. ROBBINS (168593)
    TRAVIS E. DOWNS III (148274)
3 | KATHLEEN A. HERKENHOFF (168562)
    JEFFREY D. LIGHT (159515)
4 | 655 West Broadway, Suite 1900
    San Diego, CA 92101-3301
5 | Telephone: 619/231-1058
    619/231-7423 (fax)
6 | darrenr@csgrr.com
    travisd@csgrr.com
7 | kathyh@csgrr.com
    jeffl@csgrr.com
8 |
    Lead Counsel for Plaintiffs
9 |

10 | UNITED STATES DISTRICT COURT

11 | CENTRAL DISTRICT OF CALIFORNIA

12 | SOUTHERN DIVISION

13 | In re FIRST AMERICAN                ) Master File No.
14 | CORPORATION SHAREHOLDER            )   SACV-06-1230-JVS(RNBx)
     DERIVATIVE LITIGATION             )
15 | _____   ) [PROPOSED] FINAL JUDGMENT
                                        ) AND ORDER OF DISMISSAL
16 | This Document Relates To:          )
                                        ) EXHIBIT B
17 |     ALL ACTIONS.                   )
                                        )
18 | _____   )

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

34

1     This matter came before the Court for hearing pursuant to an Order of this

2   Court, dated _____, 2008, on the application of the Settling Parties for

3   approval of the settlement set forth in the Stipulation and Agreement of Settlement

4   dated June 8, 2008 (the "Stipulation"). Due and adequate notice having been given of

5   the Settlement as required in said Order, and the Court having considered all papers

6   filed and proceedings held herein and otherwise being fully informed and good cause

7   appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED

8   that:

9     1.     This Final Judgment incorporates by reference the definitions in the

10   Stipulation, and all terms used herein shall have the same meanings set forth in the

11   Stipulation.

12     2.     This Court has jurisdiction over the subject matter of the Action and over

13   all parties to the Settlement, including Nominal Party The First American Corporation

14   ("First American" or the "Company").

15     3.     Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, this Court

16   hereby approves the Settlement set forth in the Stipulation and finds that the

17   settlement is, in all respects, fair, reasonable and adequate to, and in the best interests

18   of, First American and all shareholders of First American. This Court further finds the

19   settlement set forth in the Stipulation is the result of arm's-length negotiations

20   between experienced counsel representing the interests of the Plaintiffs on behalf of

21   First American, the Individual Defendants and First American. Accordingly, the

22   settlement embodied in the Stipulation is hereby approved in all respects and shall be

23   consummated in accordance with its terms and provisions. The Settling Parties are

24   hereby directed to perform the terms of the Stipulation.

25     4.     Upon the Effective Date, Plaintiffs, First American, and each of the

26   Current First American Shareholders shall be deemed to have, and by operation of the

27   Final Judgment shall have, fully, finally, and forever released, relinquished and

28   discharged all Released Claims against the Released Parties.

35

5.   Plaintiffs, First American and each of the Current First American Shareholders, are hereby forever restrained and enjoined from prosecuting, pursuing, or litigating any of the Released Claims against any of the Released Parties in this or any other forum.

6.   Upon the Effective Date hereof, each of the Released Parties shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished and discharged First American, Plaintiffs and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims except for obligations imposed by the Stipulation in connection with the settlement of the Action.

7.   The publication of the summary notice as provided for in the Order Preliminarily Approving Derivative Settlement and Providing for Notice constituted the best notice practicable under the circumstances.  The notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and the notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1, the requirements of due process, and any other applicable law.

8.   Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Settling Parties as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing or liability of the Defendants or the validity of any Released Claims; or (b) is intended by the Settling Parties to be offered or received as evidence used by any other person in any other actions or proceedings, whether civil, criminal or administrative. The Released Parties may file the Stipulation and/or this Final Judgment in any action that may be brought against

36

them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.    Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over:   (a) implementation of this Settlement; (b) all parties hereto for the purpose of construing, enforcing and administering the Stipulation; and (c) any other matter related or ancillary thereto.

10.    The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

11.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation

IT IS SO ORDERED.

DATED: _____

THE HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

S:\Settlement\First American Deriv.set\(v1) EB-00052114.doc

37